1  PHILLIP A. TALBERT
   United States Attorney
2  KAREN A. ESCOBAR
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile: (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  1:21-CR-00025-JLT-SKO

12                          Plaintiff,
                                          STIPULATION REGARDING EXCLUDABLE
13              v.                         TIME PERIODS UNDER SPEEDY TRIAL ACT;
                                          ORDER
14  ROBERTO CARLOS LEON-GARCIA,
                                          DATE: May 4, 2022
15                                         TIME: 1:00 p.m.
                           Defendant.      COURT: Hon. Sheila K. Oberto
16

17
                            **BACKGROUND**
18
         This case is set for a status conference on May 4, 2022.  On May 13, 2020, this Court issued
19
    General Order 618, which suspends all jury trials in the Eastern District of California "until further
20
    notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,
21
    excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued
22
    on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."
23
    General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case
24
    exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of
25
    counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will
26
    impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This and previous
27
    General Orders were entered to address public health concerns related to COVID-19.
28
         Although the General Orders address the district-wide health concern, the Supreme Court has

    STIPULATION REGARDING EXCLUDABLE TIME              1
    PERIODS UNDER SPEEDY TRIAL ACT

1   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

2   openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

3   *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

4   exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

5   509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

6   judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

7   or in writing").

8          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

9   and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

10  justice continuances are excludable only if "the judge granted such continuance on the basis of his

11  findings that the ends of justice served by taking such action outweigh the best interest of the public and

12  the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

13  unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

14  the ends of justice served by the granting of such continuance outweigh the best interests of the public

15  and the defendant in a speedy trial."  *Id.*

16         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

17  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

18  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

19  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

20  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

21  recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

22  *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

23  following the September 11, 2001 terrorist attacks and the resultant public emergency).

24         The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

25  proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

26  exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

27  continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

28  1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

STIPULATION REGARDING EXCLUDABLE TIME                    2
PERIODS UNDER SPEEDY TRIAL ACT

1  detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

2  speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

3  population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

4  of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

5  (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

6  and (7) whether the district court has the ability to safely conduct a trial.  *Id*.

7       In light of the foregoing, this Court should consider the following case-specific facts in finding

8  excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

9  (Local Code T4).  If continued, this Court should designate a new date for the status conference.  *United*

10  *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

11  "specifically limited in time").

12                                      **STIPULATION**

13       Plaintiff United States of America, by and through its counsel of record, and defendant, by and

14  through defendant's counsel of record, hereby stipulate as follows:

15       1.     By previous order, this matter was set for a status conference on May 4, 2022.

16       2.     By this stipulation, defendant now moves to continue the status conference until July 20,

17  2022, and to exclude time between May 4, 2022, and July 20, 2022, under 18 U.S.C. § 3161(h)(7)(A),

18  B(iv) [Local Code T4].

19       3.     The parties agree and stipulate, and request that the Court find the following:

20            a)     The government has represented that the discovery associated with this case

21  includes investigative reports produced in electronic form.  All of this discovery has been either

22  produced directly to counsel and/or made available for inspection and copying.

23            b)     Counsel for defendant desires additional time to review discovery, conduct further

24  investigation, review the government's proposed plea offer with the defendant and meet with

25  him, and obtain records for a motion.

26            c)     Counsel for defendant believes that failure to grant the above-requested

27  continuance would deny them the reasonable time necessary for effective preparation, taking into

28  account the exercise of due diligence.

1          d)       The government does not object to the continuance.

2          In addition to the public health concerns cited by the General Orders and presented by the

3   evolving COVID-19 pandemic, and current BA.2 subvariant surge, an ends-of-justice delay is

4   particularly apt in this case because, in this district, the Court has begun to schedule a limited

5   number of trials with several precautions designed to protect trial participants from possible

6   infection with the coronavirus.  For example, the Court plans to hold only one trial per floor at

7   one time, thus limiting the number of trials that can be safely scheduled at any given time.

8          e)       Based on the above-stated findings, the ends of justice served by continuing the

9   case as requested outweigh the interest of the public and the defendants in a trial within the

10  original date prescribed by the Speedy Trial Act.

11          f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

12  et seq., within which trial must commence, the time period of March 16, 2022 to July 20, 2022,

13  inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4]

14  because it results from a continuance granted by the Court at defendant's request on the basis of

15  the Court's finding that the ends of justice served by taking such action outweigh the best interest

16  of the public and the defendant in a speedy trial.

17  4.       Nothing in this stipulation and order shall preclude a finding that other provisions of the

18  Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

19  must commence.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

STIPULATION REGARDING EXCLUDABLE TIME                    4
PERIODS UNDER SPEEDY TRIAL ACT

1   IT IS SO STIPULATED.

2

3   Dated:  April 26, 2022                           PHILLIP A. TALBERT
                                                     United States Attorney

4

5                                                    /s/ KAREN A. ESCOBAR
                                                     KAREN A. ESCOBAR
                                                     Assistant United States Attorney
6

7

8   Dated:  April 26, 2022                           /s/ GABRIEL PACHECO
                                                     GABRIEL PACHECO
9                                                    Counsel for Defendant
                                                     ROBERTO CARLOS LEON-
10                                                   GARCIA

11

12

13                                       **ORDER**

14
    IT IS SO ORDERED.
15

16

17

18   DATED:  4/26/2022                   *Sheila K. Oberto*
                                         THE HONORABLE SHEILA K. OBERTO
19                                       UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    5
PERIODS UNDER SPEEDY TRIAL ACT